UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FIRST BAPTIST CHURCH                                                    PLAINTIFF

v.                                    No. 2:22-cv-2066

ZURICH AMERICAN INSURANCE COMPANY                                      DEFENDANT

## OPINION AND ORDER

Before the Court are cross-motions (Docs. 22, 25) for summary judgment filed by Plaintiff First Baptist Church ("First Baptist") and Defendant Zurich American Insurance Company ("Zurich"). The Court has considered the parties' respective briefs, exhibits, and statements of facts in support of and opposing the motions. (Docs. 22–28, 32–33, 36, 39–43). For the reasons given below, Zurich's motion will be GRANTED and First Baptist's motion for partial summary judgment will be DENIED AS MOOT.

## I.    Background

This case arises out of an insurance dispute over roof damage at First Baptist Church. Since 2013, First Baptist has insured the personal and real property of its church with Zurich. (Doc. 36-1, ¶ 2). Beginning around 2016, First Baptist's ceiling started showing leak spots. (Doc. 39-4). Larry Parnell, First Baptist's building manager, testified about when the leak spots started showing and how First Baptist responded. *See id.* First Baptist hired roofing companies who performed repair work in 2016, 2017, and 2018. (Doc. 39-9). Despite those repairs, the leaks were not fully resolved. (Doc. 39-4, p. 18:1–10).

In January 2022, First Baptist began working with a new roofing contractor, 4 Star General Contracting ("4 Star"). (Doc. 36-1, ¶ 7). First Baptist's point of contact at 4 Star, Allen Satnes, told First Baptist the roof was hail-damaged. (Doc. 36-2, ¶ 4). Two weeks later, Mr. Satnes filed

1

a claim with Zurich on behalf of First Baptist.  (Doc. 25-4).  The claimed date of loss was April 28, 2017.  *Id.*  Zurich investigated the claim in March 2022 and denied it in early April.  (Doc 28-1, p. 1–4).  Zurich denied the claim because Zurich's experts determined that hail damage from a storm on April 28, 2017 "would not be expected and was not observed."  *Id.* at 1.  The denial letter also stated Zurich's experts observed damage from excluded causes of loss "such as wear and tear, insufficient maintenance, and deterioration."  *Id.*  Finally, Zurich invited First Baptist to submit any additional information the church felt should be considered.  *Id.*

In its denial letter, Zurich also directed First Baptist to specific provisions in its policy.  *Id.* at 2.  As relevant here, the policy provides:

> **F. DUTIES IN THE EVENT OF LOSS OR DAMAGE**
> 1.  You must see that the following are done in the event of loss or damage to Covered Property:
>     a.  Notify the police if a law may have been broken.
>     b.  Give us prompt notice of the loss or damage, including a description of the property involved.
>     c.  As soon as possible, give us a description of how, when, and where the loss or damage occurred.
>
> . . .
>
> **H. LEGAL ACTION AGAINST US**
> No one may bring a legal action against us under this Commercial Property Coverage Part unless:
>     1.  All of its terms have been fully complied with; and
>     2.  The action is brought within 2 years after the date on which the loss or damage commenced.

(Doc. 25-1, p. 1–2).

Two weeks after Zurich denied the claim, First Baptist sued Zurich for breach of contract and bad faith.  (Doc. 2).  First Baptist originally alleged that hail damaged its property on April 28, 2017.  *Id.* ¶ 6.  After discovery, First Baptist amended its complaint to allege the damage actually occurred on May 18, 2019 or May 4, 2020.  (Doc. 21, ¶ 6).

## II.     Legal Standard

On a summary judgment motion, the movant has the burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  The same standard applies to cross-motions for summary judgment, with each motion reviewed in its own right and each opposing party "entitled to the benefit of all inferences favorable to them which might reasonably be drawn from the record."  *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983).  Once the movant has met its burden, the non-movant must present specific facts showing a genuine dispute of material fact exists for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  For there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.     Analysis

Zurich seeks summary judgment based on First Baptist's failure to provide prompt notice of loss or damage, which is the failure of a condition precedent that bars recovery under the insurance policy.  (Doc. 27, p. 1).  After reviewing the undisputed record evidence, the Court agrees that no reasonable jury could find that Zurich provided prompt notice of loss or damage.

Arkansas law on this issue is clear: "an insured must strictly comply with an insurance-policy provision requiring timely notice where that provision is a condition precedent to recovery." *Dowden v. Cornerstone Nat'l Ins. Co.*, 11 F.4th 866, 874 (8th Cir. 2021) (quoting *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 361 S.W.3d 800, 805 (Ark. 2010)).  Arkansas law does not require that the magic words "condition precedent" be in the policy to prevent recovery.  *Dowden*, 11 F.4th at 874 (citation omitted).  For example, a provision is a condition precedent to recovery when the

provision mandates prompt notice to the insurance company of the insured's accidents, claims, suits, or losses and states that "no one may bring a legal action . . . until there has been full compliance with all the terms of [the policy]." *Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535, 537 (8th Cir. 2000). When an insured does not strictly comply with a notice requirement, that insured "risk[s] forfeiting the right to recover from the insurance company." *Fireman's Fund*, 361 S.W.3d at 803.

Here, the policy language functions as a condition precedent to recovery. It is nearly identical to the language in *Kimbrell* and *Dowden*.[1] Moreover, there is nothing ambiguous about the quoted policy language. Under Arkansas law, "where language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy." *Dowden*, 11 F.4th at 872–73 (quoting *Smith v. S. Farm Bureau Cas. Ins. Co.*, 114 S.W.3d 205, 206 (Ark. 2003)). Because the language in First Baptist's policy is unambiguously a condition precedent to recovery, only one question remains: Did First Baptist strictly comply with the prompt notice requirement?

First Baptist argues it has complied with the prompt notice provision because it gave Zurich notice of the hail damage within weeks of learning of it. But First Baptist reads the prompt notice

---

[1] The *Kimbrell* court held the following language created a condition precedent to recovery: "In the event of 'accident,' claim, 'suit' or 'loss,' you must give [insurer] or our authorized representative prompt notice of the 'accident' or 'loss.' Include: (1) How, when and where the 'accident' or 'loss' occurred; . . . No one may bring a legal action against [insurer] under this Coverage Form until: . . .There has been full compliance with all the terms of this Coverage Form." 207 F.3d at 536–37 (cleaned up).

The *Dowden* court held the following language created a condition precedent to recovery: "We have no duty to provide coverage under this policy unless there has been full compliance with the following duties . . . promptly send [insurer] copies of any notices or legal papers received in connection with the accident or loss. . . . No legal action may be brought against us until there has been full compliance with all the terms of this policy." 11 F.4th at 874 (cleaned up).

4

requirement too narrowly.  First Baptist argues one cannot give notice of a claim until one learns of it.  (Doc. 33, p. 4).  It also argues that Zurich did not submit evidence showing First Baptist knew of the hail damage before January 2022.  *Id.* at 5.  That would be relevant if the notice provision quoted above required prompt notice of a "covered cause of loss" or "potential claim." But that is not what the policy says.  The policy required First Baptist to provide prompt notice "in the event of loss or damage to Covered Property."  (Doc. 25-1, p. 1).  The phrase "loss or damage" is broader than "hail damage" or "covered cause of loss."  Also, Arkansas law does not distinguish between "losses" and "claims" in the way that First Baptist suggests.  *See Farmers Ins. Co. v. Settle*, No. 4:13-CV-00024-KGB, 2014 WL 12564094, at *6 (E.D. Ark. Mar. 28, 2014) (quoting *Fireman's Fund*, 361 S.W.3d at 803) (explaining Arkansas' general rule requires strict compliance with "giving of notice of *a loss*, claim, or lawsuit") (emphasis added).  Because First Baptist interprets the notice provision too narrowly, filing a claim shortly after learning about hail damage will not save it from summary judgment.

Contrary to First Baptist's assertion, interpreting the policy in this way does not impose a new duty on First Baptist to independently learn of hail loss or hail damage sooner.  *See* Doc. 33, pp. 3 n.5, 6–7.  This Court's interpretation of the policy adds no duty beyond what already exists in First Baptist's policy.  Zurich presented evidence that First Baptist knew of loss or damage to its property as early as 2016, when First Baptist began hiring roofing companies to fix leaks in the ceiling.  *See* Docs. 39-4, 39-9.  No reasonable jury could find that First Baptist "promptly notified" Zurich of the loss or damage nearly six years later in January 2022.  First Baptist has not raised a genuine dispute of fact about its compliance with the prompt notice provision, so Zurich is entitled to summary judgment on the contract claim because First Baptist failed to satisfy a condition precedent to recovery.

## IV.    Bad Faith

First Baptist's bad faith claim fails as a matter of law because its contract claim fails as a matter of law.  Arkansas' bad faith standard is rigorous and difficult to satisfy.  *Unum Life Ins. Co. Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005).  To successfully assert bad faith, First Baptist must show "affirmative misconduct by the insurance company, without a good faith defense, and that the misconduct [was] dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy."  *Sims v. State Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (citing *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984)).  First Baptist alleged that Zurich completed a shoddy investigation and misrepresented when it completed its investigation.  (Doc. 33, p. 17).

Zurich investigated the date of loss that First Baptist reported, and Zurich determined the potential hail damage on April 28, 2017 would not have caused a loss.  (Doc. 28-1, p. 1).  Zurich also invited First Baptist to provide more information to support is claim.  *Id.*  Based on the record evidence, no reasonable jury could conclude Zurich's behavior reaches the high bar to show bad faith.  And in any event, First Baptist must show Zurich's affirmative misconduct "without a good faith defense." *Sims*, 894 F.3d at 945.  Zurich has a good faith defense: First Baptist's claim was barred because of the church's failure to comply with a condition precedent to recovery.  Zurich reserved that defense in its claim denial letter (Doc. 28-1, p. 4), and Zurich asserted that defense in both its initial answer and the answer to First Baptist's amended complaint.  (Doc. 14, ¶ 19; Doc. 31, ¶ 19).  A bad faith action cannot arise from a good-faith denial of an insurance claim. *Aetna*, 664 S.W.2d at 465.  For these reasons, Zurich is entitled to summary judgment on First Baptist's bad faith claim.

**V.      First Baptist's Motion for Partial Summary Judgment**

First Baptist seeks partial summary judgment on two of Zurich's alternate affirmative defenses.  The two affirmative defenses are (1) policy exclusions regarding cracking, settling, wear and tear caused the roof damage and (2) First Baptist failed to mitigate damages.  (Doc. 23, p. 1).  Because the Court granted summary judgment on Zurich's defense that First Baptist failed to satisfy a condition precedent to recovery, the Court need not address First Baptist's argument on the separate affirmative defenses.  The Court will deny First Baptist's motion as moot.

**VI.     Conclusion**

IT IS THEREFORE ORDERED that Zurich's motion (Doc. 25) for summary judgment will be GRANTED and First Baptist's motion (Doc. 22) for partial summary judgment will be DENIED AS MOOT.  Judgment will be entered accordingly.

IT IS SO ORDERED this 17th day of March, 2023.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE