UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FIRST BAPTIST CHURCH                                                                                              PLAINTIFF

v.                                               No. 2:22-cv-2066

ZURICH AMERICAN INSURANCE COMPANY                                              DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff First Baptist Church's ("First Baptist") motion (Doc. 50) to reconsider pursuant to Federal Rule of Civil Procedure 59(e) and brief in support (Doc. 51). Defendant Zurich American Insurance Co. ("Zurich") filed a response in opposition and brief in support of its response (Docs. 52, 53). For the reasons given below, the motion will be DENIED.

The Federal Rules of Civil Procedure do not mention motions for reconsideration. Because of this, federal courts construe such motions as arising under either Rule 59(e) or Rule 60(b). *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). When the motion is made in response to a final order, as is the case here, it is construed as having been made under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (cleaned up).

First Baptist argues this Court committed a manifest error of law or fact by improperly granting Zurich summary judgment *sua sponte*. (Doc. 51, p. 8). First Baptist argues the Court did this by considering arguments which First Baptist contends Zurich failed to raise in its opening brief. This is not the case. Zurich's opening brief states on the first page that it moved for summary

1

judgement because "[First Baptist] did not provide prompt notice of loss or damage as required by the policies and that the failure to satisfy this condition precedent to coverage bars [First Baptist's] lawsuit." (Doc. 27, p. 1). First Baptist had the opportunity to respond to that argument, which it did in its response. *See* Doc. 33, pp. 2–7. Zurich then replied to First Baptist's arguments. (Doc. 42). To suggest that the Court *sua sponte* raised this issue is untrue.

First Baptist cites caselaw about improper *sua sponte* summary judgment rulings, but that caselaw is distinguishable. In some of the cited cases, the district courts granted summary judgment on claims on which the parties did not seek summary judgment. *See, e.g.*, *Montgomery v. City of Ames*, 749 F.3d 689, 696 (8th Cir. 2014) ("Although the State Defendants did not move for summary judgment [on Plaintiff's separate due process claims against them], . . . the court granted summary judgment for 'all Defendants.'"); *Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003) ("[Defendant's] request that the court dismiss the lawsuit in its entirety, without specifically mentioning or arguing the retaliation claim, was insufficient to put the issue before the district court."); *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 863 (8th Cir. 2001) ("The district court in effect granted [Defendant] summary judgment *sua sponte*, because the three claims pertaining to tortious interference with donors, volunteers, and customers were never raised in [Defendant's] motion."). Here, Zurich properly sought summary judgment on all claims based on the same argument about the failure of a condition precedent.

In other caselaw First Baptist cited, the district court erred by basing its ruling on issues the parties had not raised. *See, e.g.*, *Merechka v. Vigilant Ins. Co.*, 26 F.4th 776, 787 (8th Cir. 2022) ("Neither side was warned that the court was considering granting partial summary judgment on another basis—one that presents a different question under Arkansas law.") (cleaned up); *Cowden v. BNSF Ry. Co.*, 690 F.3d 884, 895 (8th Cir. 2012) (explaining the district court

erred by disposing of a case based on certain regulations when "neither party was on notice that the . . . regulations would prove dispositive"). These cases are also distinguishable because Zurich raised the failure-of-a-condition-precedent argument in its opening brief, and the Court's order granted summary judgment on that basis. The Court concludes that Zurich did not waive the failure-of-a-condition-precedent argument because it raised the argument in its opening brief.

First Baptist also argues that Zurich was more specific in its reply brief than it was in its opening brief. Assuming that is true, the Court can still consider Zurich's arguments because the reply brief "supplements an argument raised in a party's initial brief." *Carpenters' Pension Fund of Ill. v. Neidorff*, 30 F.4th 777, 787 (8th Cir. 2022) (quoting *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006)). Zurich's arguments in its reply brief can be fairly characterized as supplementing or further developing an argument raised in its opening brief. *See id.* For that reason, the Court properly considered Zurich's arguments and the evidence in the summary judgment record. Fed. R. Civ. P. 56(c)(3).

In sum, the Court did not improperly grant summary judgment *sua sponte*. First Baptist had an opportunity to argue the failure-of-a-condition-precedent issue at the summary judgment stage. Therefore, First Baptist has not shown the Court committed a manifest error of law or fact that warrants reconsideration. The rest of First Baptist's brief tenders new legal theories and makes new arguments, which is not the purpose of a Rule 59(e) motion. *Akpovi*, 43 F.4th at 837.

IT IS THEREFORE ORDERED that First Baptist's motion (Doc. 50) to alter judgment is DENIED.

IT IS SO ORDERED this 9th day of May, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE